# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08 CR 0547 JM |
|---|---|
| Plaintiff, vs. | **ORDER DENYING MOTION TO DISMISS INDICTMENT FOR VINDICTIVE PROSECUTION** |
| RICARDO IVAN PALOS-MARQUEZ, Defendant. | |

In an indictment filed February 27, 2008, the government charged defendant Ricardo Ivan Palos-Marquez with five counts of transporting an illegal alien and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). Defendant pleaded not guilty to all charges. Defendant now moves to dismiss the indictment for vindictive prosecution. The court held a hearing on these motions on April 11, 2008. For reasons set forth below, the court hereby **DENIES** the motion.

## I. BACKGROUND

The following facts are undisputed.

Defendant is a Mexican citizen and a legal permanent resident of the United States. On August 7, 2007, Defendant was arrested for transporting illegal aliens near Pine Valley, California. The government declined to prosecute at the time.

On February 7, 2008, Defendant was arrested for transporting illegal aliens several miles from the Otay Mesa port of entry.

On or about February 14, 2008, the government offered Defendant a pre-indictment fast-track

1  plea agreement. Pursuant to this agreement, Defendant would waive indictment and plead guilty to
2  one count of violating 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), related to the February 7, 2008 arrest.
3  Defendant declined the offer. On February 27, 2008, a federal grand jury returned an indictment on
4  five counts of transporting an illegal alien and aiding and abetting, in violation of 8 U.S.C. §§
5  1324(a)(1)(A)(ii) and (v)(II). One count related to the August 7, 2007 arrest, and four counts related
6  to the February 7, 2008 arrest. Defendant pleaded not guilty to all charges.

**II.    DISCUSSION**

Defendant argues that the court should dismiss count one of the indictment, which relates to the August 7, 2007 arrest, due to vindictive prosecution.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001)). A defendant claiming vindictive prosecution must make an initial showing that the prosecutor added charges due to the defendant's exercise of a statutory, procedural, or constitutional right. Gastelum-Almeida, 298 F.3d at 1172 (citing United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir. 1993)). "The mere appearance of vindictiveness gives rise to a presumption of vindictive motive." United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984) (citation omitted). Nevertheless, vindictiveness claims are

> evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are on going, than when they are added during or after trial. . . . [I]n the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right.

United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) (internal citations omitted).

Defendant relies on United States v. Jenkins, 504 F.3d 694 (9th Cir. 2007), in which the court found a presumption of vindictiveness where the government filed additional alien-smuggling charges only after the defendant testified in her own defense at her marijuana-smuggling trial. The government responds that Jenkins involved a materially different procedural context and that the cases analyzing vindictive prosecution in the pretrial context are more applicable. See Gastelum-Almeida, 298 F.3d 1167; Heldt, 745 F.2d 1275; United States v. Allsup, 573 F.2d 1141 (9th Cir. 1978).

The government has the better argument. Defendant does not contest that on February 22, 2008, after Defendant indicated that he would not accept the plea offer, the government attempted to convince him to reconsider by sending him copies of investigative report summaries allegedly detailing his prior apprehensions. (See Reply, Exh. 2 (fax cover sheet).) Defendant's counsel states that, on February 23, 2008, the prosecutor told him she did not intend to offer a plea agreement "that would include" the August 2007 incident. (Mot. to Dismiss, Exh. C.) Defendant again rejected the plea offer and the prosecutor sought an indictment adding charges related to the August 2007 arrest. This exercise of "permissible prosecutorial discretion," Allsup, 573 F.2d at 1143, does not give rise to a presumption of vindictiveness. See also Gamez-Orduno, 235 F.3d at 462.

The case law fails to support Defendant's argument that a presumption of vindictiveness arises where the charge added was not explicitly offered "as a negotiating chip" during plea negotiations. (Mot. to Dismiss at 6.) Bordenkircher and its progeny are not so limited. See, e.g., United States v. Goodwin, 457 U.S. 368, 382-83 (1982) ("This Court in Bordenkircher made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."); United States v. Stewart, 770 F.2d 825, 829 (9th Cir. 1985) (finding that addition of charges after plea negotiations broke down constituted permissible prosecutorial discretion, but not relying on whether parties discussed the added charges during negotiations).[1]

The court therefore denies Defendant's motion.

//
//
//
//
//

---

[1] Furthermore, even if the government never threatened increased charges to induce a plea bargain, a presumption of vindictiveness does not arise under these circumstances. See Goodwin, 457 U.S. at 382 n.15 ("The fact that the increased charge in Bordenkircher was brought after a 'warning' made during plea negotiation was the principal basis for the [Bordenkircher] defendant's claim . . . . Respondent's argument in this case has no such predicate; unlike the defendant in Bordenkircher, the only evidence respondent is able to marshal in support of his allegation of vindictiveness is that the additional charge was brought at a point in time after his exercise of a protected legal right.").

### III.   CONCLUSION

Based on the foregoing, the court **DENIES** Defendant's motion to dismiss count one of the indictment for vindictive prosecution.

**IT IS SO ORDERED.**

DATED: April 28, 2008

Hon. Jeffrey T. Miller
United States District Judge